■ ALFRED W. MAGILL et al., Appellants, v MATHEW M. CHACKO, Respondent. [726 NYS2d 726] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 18, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court improperly granted the defendant's motion for summary judgment as the defendant failed to establish a prima facie case of its entitlement to judgment as a matter of

law. The plaintiffs commenced this action to recover damages for injuries allegedly sustained by the plaintiff Alfred W. Magill after he fell while attempting to climb onto an examination table in the defendant's office. Magill allegedly told the defendant he could not get up on to the table because he was partially disabled by injuries suffered in a previous, unrelated accident, but the defendant told him that in order for the examination to be conducted he had to get onto the table. The injured plaintiff then allegedly asked the defendant for assistance in mounting the table, and the defendant allegedly refused. The plaintiff then attempted to get up onto the table using a nearby stool, but fell and injured himself.

The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint based upon its finding that the defendant had no duty to assist the plaintiff in getting onto the examining table. However, under the circumstances of this case, we find that there are issues of fact as to whether the occurrence was foreseeable, and as to whether the defendant's failure to assist the plaintiff constituted negligence (*see generally, McDonald v Ross,* 213 AD2d 463; *see also, Scott v Stern,* 143 NYS2d 809). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.